## CARTER *et al.*, *vs.* CHRISTIE.

C. gives his note to A., in consideration that he is to receive two-thirds of the professional profits of the medical firm of H. & C. H. collects one-half instead of one-third of the profits, and appropriates it to his own use. H. sues C. upon the note : *Held*, That, *at law*, it was competent for C. to plead as a defense to the note, the excess of profits received by H., and have the same applied as a credit upon the note.

Complaint, in Stewart Superior Court. Tried before Judge PERKINS, at April Term, 1860.

Simeon Christie sued Jardine E. Carter, and William P. Carter, on a note for $1,250 00, dated July 26, 1852, and due January 1st, 1854. The defendants pleaded that the note was made to Dr. William M. Hardwick, in part execution of a partnership contract between said Hardwick and Jardine E. Carter, by the terms of which contract, Carter was to get two-thirds of the profits of the partnership for the years 1852, 1853 and 1854; and that Hardwick has received and appropriated $650 00 more than his share of the profits for the year 1854—having received one-half, instead of one-third, of said profits for that year.

On the trial of the case, the defendants read, in evidence, the testimony of the plaintiff, who stated that he bought the note sued on, from Dr. Hardwick in 1856 or 1857, and after the same was due; that he did not then know what was the consideration of it, nor did Dr. Hardwick tell him until after this suit was brought.

Defendants then offered, in evidence, the testimony of Dr. John W. Jones, to prove that in 1852, the witness, Dr. Carter, and Dr. Hardwick, made an agreement, by which Jones and Carter bought an interest in Hardwick's medical practice for the years 1852, 1853 and 1854, and in consideration of which, the note sued on, with others, was given ; the agreement being that, for the years 1852 and 1853, Jones and Carter were to receive one half the profits of the medical partnership thus formed, and that if Hardwick did not retire from the practice at the close of the year 1853, the partnership was to be continued during the year 1854, each partner sharing equally in the profits—it being agreed that Hardwick should not retire if Carter and Jones objected.

Carter *et al.*, *vs.* Christie.

It was proposed to prove further by Dr. Jones, that he, with Hardwick's consent, sold his interest in the business to Dr. Carter.

Attached to Dr. Jones' testimony, was the partnership agreement referred to, which defendants proposed also to put in evidence.

The Court, on motion of plaintiff's counsel, rejected both the evidence of Jones and the contract attached.

Defendants proposed, also, to read, in evidence, the testimony of Charles J. Jourdan, who studied medicine in the office of Hardwick & Carter, and who testifies that he heard Dr. Hardwick state the agreement between Carter, Jones, and Hardwick, to be as described by Dr. Jones in his testimony, and heard him speak frequently of Jones' retirement after transferring his interest to Carter; that a short time after the partnership of Carter and Warner was dissolved, Dr. Hardwick stated to Carter that he would fulfill the agreement between them; that he had been paid for it, and that Carter was entitled to two-thirds of the practice for the year 1854. At the time defendants offered this evidence, they stated to the Court, by their counsel, that they could prove that Dr. Hardwick had received two-thirds of the profits arising from the partnership for the year 1854.

The Court rejected the evidence of Jourdan, and, on motion of plaintiff's counsel, struck defendant's pleas of total and partial failure of consideration filed in the case.

These several rulings of the Court are now assigned by defendants as error.

WIMBERLY and BEALL, for plaintiffs in error.

WORRILL and EVANS, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

The note sued on, in this case, having been transferred after maturity—Christie, as to the defense, set up, namely, an equity growing out of the original transaction, stands in no better condition than Hardwick the payee.

It seems, then, that during the year 1852, Carter and Jones contracted with Dr. Hardwick for an equal interest in a professional partnership between the three, extending back

to the first of the year 1852, and forward to the end of the year 1853—Carter and Jones to have one-half of the profits and Hardwick a half. After the time limited for this term, it was further agreed, that it was to continue, or not, through 1854, at the option of Carter and Jones, but with this modification, namely, that for 1854, the three were to be equal in the business—Hardwick to have one-third only, instead of one-half of the profits. Jones retired before 1854, and by the consent of Hardwick, Carter was substituted in his place, both as debtor of Hardwick, and in any other respect. According to the testimony of Jones, Carter was to receive all the benefits, under the contract, which both Jones and Carter were entitled to.

In 1854, Carter and Warner, at the suggestion of Dr. Hardwick, whose health was feeble, undertook to practice together, but for some reason, which the record does not explain, this partnership was discontinued and Hardwick and Carter resumed their former connection, which continued on through 1854, upon the old agreement.

Now Carter alleges, and offered to prove on the trial, (which he was not allowed to do) that instead of Hardwick's receiving one-third of the profits for 1854, he collected and appropriated to his own use one-half, making a difference of six or seven hundred dollars, and enough to cover the balance of the note sued on. Carter insists that he is entitled to this credit.

If the facts be as stated, and the evidence rejected by the Court is in the record, and proves them to be here, we cannot see why Carter is not entitled to this credit. Hardwick has collected six or seven hundred dollars, which belongs to Carter, and which Hardwick cannot, in justice, hold—and that, too, in violation of his agreement. And it will be remarked that the stipulation, that Hardwick should practice for one-third of the profits for 1854, constitutes in part the consideration for the note sued on.

It is suggested, that to allow this plea and proof to come in, in defense to this action, would involve a settlement of the whole partnership. Suppose it does. It is competent to do this at law. But is this objection well taken? The offer here is, to prove that Dr. Hardwick had received a definite sum, not out of the business of the firm, but out of the profits, and to which he was not entitled.

There is but little consideration due to Mr. Christie, as the holder of the note. He swears that he took it and sued on it, to accommodate Dr. Hardwick, and that Dr. Hardwick is bound to pay him the money, provided he fails to collect it out of Carter. Under these circumstances, the note should be treated as the property of Dr. Hardwick, and the action prosecuted for his benefit.